(Decided 22nd May, 1873.)

---

CHARLES D. WARFIELD, Trustee, and ISABELLA his wife, and others *vs.* CLARA A. ROSS.

*Who may object to the Ratification of a Sale made under Article 64 of the Code, entitled " Mortgages"—Estoppel—Power to Sell under a Mortgage—Parties to a proceeding to Sell under a Mortgage—Usury affects the distribution of the Proceeds of a Sale and not the Validity of the Sale—Inadequacy of Price as an objection to the Ratification of a Sale under a Mortgage.*

The special jurisdiction given the Circuit Courts by Article 64 of the Code, entitled "Mortgages," is strictly confined to the parties to the instrument constituting the mortgage, and conferring the power of sale; and although objections may be filed against the sale by "any person interested in the property," yet as the sale when ratified, only passes the title which the mortgagor had in the mortgaged premises at the time of recording the mortgage, no person whose interest will not be affected by the sale, will be allowed to intervene.

C. for a valuable consideration conveyed a parcel of land to W. in trust for his wife during her life, or widowhood, and after her death or marriage, whichever should first happen, then in trust for their children, with power to the wife, with the consent of the husband, to convey, &c. W. and wife, to

Warfield, *et al. vs.* Ross.

secure three notes given by them to C., executed to him a mortgage of this property. By the mortgage C. or his attorney, named, was authorized and empowered to sell in case of default; W. and wife subsequently executed a mortgage of the same property to R, reciting the former mortgage, and that by virtue of an assignment from C. to R., she was the holder of the mortgage and the three notes therein mentioned; by this latter mortgage, the mortgagee or her attorney L., in case of any default, was authorized to sell and convey the mortgaged premises in the manner therein specified. The mortgaged property was sold by the attorney L., and upon exceptions to the sale by W. and wife and their children, it was HELD:

1st. That W. and wife were estopped by their deed from denying they had power to mortgage; their interest, whatever it was at the time of recording the mortgage, passed by the sale when ratified, to the purchaser.

2nd. That ample powers were conferred by the second mortgage upon the attorney L. to sell, in case of default of payment of any of the sums secured by the first mortgage.

3rd. That it was unnecessary and improper to make C. or the reversioners in the deed from him to W. and wife, parties to the proceedings under the mortgage.

Usury in the loan of money secured by a mortgage, does not affect the validity of the sale of the mortgaged property; it only affects the distribution of the proceeds. If more than legal interest has been extorted by the mortgagee, the Court, in distributing the proceeds, may direct it to be withheld or refunded.

Inadequacy of price, in combination with circumstances calculated to cast doubt or suspicion upon the fairness of a sale, is a strong auxiliary argument against its ratification; but inadequacy of price alone, unless so gross and inordinate as to indicate some mistake or unfairness for which the purchaser is responsible, or misconduct or fraud in the attorney or trustee to whom the management of the sale has been committed, is not sufficient to induce the Court to set it aside, or refuse its ratification.

APPEAL from the Circuit Court for Baltimore County, in Equity.

On the 6th of February, 1869, in consideration of $8,000, Timothy A. Carroll conveyed a parcel of land lying in Baltimore County, to the appellant Charles D. Warfield, in trust for his wife for and during her life or

widowhood, and after her death or marriage, whichever should first happen, then in trust for their children, with power to the wife, with the consent and approbation of her husband, to grant and convey said property absolutely at any time, and the proceeds to re-invest upon the like trusts. Contemporaneously with this deed, Mrs. Warfield and her husband mortgaged the property to Carroll to secure the unpaid balance of the purchase money amounting to $3,119, with power to him or his attorney Samuel D. Schumacher, to sell under the provisions of Article 64 of the Code. On the 21st of July, 1870, the appellee took from Carroll an assignment of his mortgage, and at the same time loaned to Mrs. Warfield $900. On the same day Warfield and wife mortgaged the same property to the appellee to secure the sum of $4,000, and in case of any default being made in any condition of the mortgage, the appellee, or Luther M. Reynolds her attorney, was authorized to sell and convey the mortgaged property in the manner therein provided. On the 3rd of June, 1871, the appellee filed her petition alleging that she was the holder of the two above mentioned mortgages, and praying that the bond of her attorney, Luther M. Reynolds, should be approved in order that he might proceed to sell the mortgaged property. The bond was approved; on the 15th of July, 1871, the property was sold and reported to the Court, and an order *nisi* passed. On the 10th of August following, the appellants, Mr. and Mrs. Warfield and their five children excepted to the ratification of the sale, and asked that it might be set aside for reasons substantially presented in the opinion of the Court. A commission was issued, and testimony taken directed chiefly to the alleged inadequacy of the price at which the property was sold; the evidence was conflicting. The commission was returned, and on the 7th of August, 1872, the Court (GRASON and YELLOTT, J.,) overruled the

exceptions, and finally ratified the sale. On the 10th of the same month, the exceptants filed a petition asking that the final order of ratification might be opened and reheard. The Court on the 19th of October, 1872, passed an order dismssing the petition and this appeal was taken.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT, MILLER and ROBINSON, J.

*John H. Handy*, for the appellants.

*Luther M. Reynolds*, for the appellee.

BOWIE, J., delivered the opinion of the Court.

The appellants, on the 10th of August, 1872, filed their petition in the Circuit Court for Baltimore County, sitting in Equity, praying that the final order of ratification of sale, passed in the case of Clara A. Ross *vs.* Isabella Warfield and others, on the 7th of said month, might be opened and reheard; which petition being dismissed, an appeal was thereupon prayed. Although it does not appear from the record, whether the final order of ratification, as well as the order dismissing the petition was included in the appeal, yet as it has been assumed in the briefs and argument of the counsel, that both were subjects of review, we shall so consider them.

The matters of fact assigned in the petition, as reasons for opening and reviewing the final order of ratification, (except one which will be considered in connection with the objections to the sale.) are substantially and in effect, that the appellants had no notice of the time when the exceptions to the sale were set down for hearing; that they had not time to examine the testimony taken under the commission, issued and returned in the cause, and that the order was passed in violation of the practice and rules of the Court.

Warfield, *et al. vs.* Ross.

The statement of the Court preceding their order, refusing the appellants' application, is entirely inconsistent with that assigned for rehearing

The Court say "The exceptions to the ratification of the sale, etc., were set for hearing *in the presence and with the assent of the counsel* of the respective parties to the cause, and upon the day set for the hearing, the solicitor of the exceptants being absent, the exceptions were argued by the solicitors of the mortgagee and assignee."

This statement of facts cannot be contradicted. If it could be, there is nothing in the record to the contrary, and conceding it to be correct, all objections for want of notice, regularity and formal compliance with the rules, were waived by the consent of the appellants' counsel, to set the exceptions down for hearing.

The remaining reason in support of the petition to open the decree was, that an important paper, showing the title of the appellants to the land sold, had been accidentally omitted to be filed with the commissioner. This will be more properly considered with the objections to the ratification of the sale, which are substantially as follows :

1st. That the appellants, Chas. D. Warfield and Isabella Warfield, had no power to mortgage.

2nd. That Luther M. Reynolds, the attorney, had no authority to sell.

3rd. That Timothy A. Carroll, should have been made a party.

4th. That the contract was usurious.

5th. That the price was inadequate.

The first and second exceptions are virtually the same; since it follows legally as well as logically, that if the mortgagors had no power to mortgage, the attorney named in the instrument, could have no authority to sell.

The appellee's petition and proceedings thereon, were instituted in pursuance of Art. 64, of the Code of Public Genl. Laws, entitled "Mortgages." It is not a case, in which the general principle of equity, requiring all persons having claims to the matter in controversy to be made parties, applies.

The special jurisdiction given the Circuit Courts by that Article, is strictly confined to the parties to the instrument constituting the mortgage, and conferring the power of sale. Although objections may be filed against the sale by "any person interested in the property," yet it is apparent, as the sale only passes the title which the mortgagor had in the mortgaged premises, at the time of recording the mortgage, no person whose interest would not be affected by the sale, would be allowed to intervene. *Vide Code of Public General Laws, Art.* 64, *secs.* 8, 10 *and* 15. The mortgagors, Charles D. and Isabella Warfield, were estopped by their deed, from denying they had power to mortgage. Their interest, whatever it was at the time of recording the mortgage, passed by the sale when ratified, to the purchaser. All others, not parties to the mortgage, were strangers and wholly uninjured by the sale.

In our view of the case, it was wholly immaterial to inquire at the instance of the exceptants, what title Timothy A. Carroll conveyed to them, and unnecessary and improper to make Mr. Carroll, or the reversioners in the deed from Carroll to the Warfields, parties to the proceedings under the mortgage.

The exceptants had no ground of complaint on that score. The purchaser alone was injured by the defect of title, if any.

The record shows a mortgage from Isabella Warfield and Chas. D. Warfield her husband and trustee, to Timothy A. Carroll, to secure certain notes of the mortgagors given to the mortgagee therein mentioned, and a

mortgage from the same Warfields to the appellee, reciting the former and that by virtue of an assignment from Timothy A. Carroll to her, she was holder of the mortgage, and the three mortgage notes therein mentioned; in consideration of which, and other advances made to them by the appellee, the appellants, Warfield and wife, conveyed by way of mortgage, the premises therein recited, with a proviso, that in case of any default the appellee or Luther M. Reynolds her attorney, is authorized and empowered to sell and convey the mortgaged premises in manner therein specified. An express authority having been conferred by the last mortgage to sell in case of default of payment of any of the sums secured by the first, it is unnecessary to enquire whether the power of sale conferred on the first mortgagee, passed by assignment of the mortgage or the notes thereby secured, to the second mortgagee or her attorney.

The powers conferred by the last, were amply sufficient to authorize the attorney to sell. Whether the contract was usurious or not, is immaterial in an inquiry as to the validity of the sale. This Court has recently determined that usury affects only the distribution of the proceeds, not the sale itself. If more than legal interest has been extorted by the mortgagee, the Court in distributing the proceeds, may direct it to be withheld or refunded. *Vide Powell & Harrison vs. Hopkins, ante* 1.

The Court below in this case, exercising the power of a Court of Equity, have ordered the principal mortgage debt, to be reduced from $4000 to $3680, the sum actually loaned with legal interest, and directed the auditor to state the account accordingly.

The last exception to the sale taken below, is gross inadequacy of price. The property sold by the attorney for the appellee in this case in July 1871, for $4450, was purchased by the mortgagors in 1869, for $8,000; about $5,000 in cash, the balance in one, two and three years, bearing interest.

Several witnesses testify it was worth $200 per acre; one, who valued it at $8,000, was present at the sale, but declined to bid.·

It is proved that there had been a considerable depreciation of price in the real estate in the country, and that there was but little demand for such property at the time of sale.

There is however, nothing in the evidence to show want of diligence or fair dealing in the attorney, or the omission of any act necessary to effect an advantageous sale, or cast suspicion or doubt upon its fairness.

On the contrary, both the attorney and the purchaser of the property, have manifested an anxious and laudable readiness to relinquish the purchase, and restore the property to the mortgagors, upon payment of the debt, interest, taxes and costs.

Under these circumstances, the rule laid down by this Court in the case of *Johnson vs. Dorsey*, 7 *Gill*, 285 ; and repeatedly recognized in later cases, as to the effect of inadequacy of price, must be adhered to. The result of these decisions is, that inadequacy of price in combination with circumstances, calculated to cast doubt or suspicion on the correctness of the sale, is a strong auxiliary argument against the sale. But standing alone, it is insufficient to authorize an interference with a sale, unless it is so inordinate as to indicate some mistake or unfairness, for which the purchaser is responsible, or misconduct or fraud in the trustee to whom the management of the sale has been committed.

The late learned Chancellor JOHNSON, in the case of *House vs. Walker*, 4 *Md. Ch. Dec.*, 63, says, "It has been over and over decided in this State, that mere inadequacy of price in a chancery sale, unless so gross and inordinate as to furnish evidence of fraud or misconduct on the part of the trustee, is not sufficient to induce the Court to set it aside or refuse its ratification. This principal was

announced in the case of *Cohen vs. Wagner*, 6 *Gill*, 97; where property assumed to be worth $20,000, sold for but $13,000. And in the case of *Johnson vs. Dorsey*, 7 *Gill*, 269, in which the previous authorities were carefully collected and examined, the principle was carried still further, the disproportion between the assumed value of the property, and the price bid for it being greater.''

Perceiving no error in the orders of the Court below, ratifying the sale and dismissing the petition, the same will be affirmed.

*Orders affirmed.*

(Decided 22nd May, 1873.)