## SAMUEL R. BOYD

*vs.*

## JAMES H. SMITH ET AL., EXECUTORS AND TRUSTEES ET AL.

*Sales in equity : inadequacy of price; raise in price by purchaser.*

Mere inadequacy of price is not sufficient to vacate a sale in equity, unless it be so gross and inordinate as to indicate some mistake or unfairness for which the purchaser is responsible, or some misconduct or fraud on the part of the trustee making the sale.                                    p. 364

Such sales should not be set aside merely because of allegations that offers are made to submit a bid in excess, or somewhat in excess, of the price of the sale reported.        p. 365

To set aside such a sale and order a resale of the property upon such offers or bids would be an experiment only, and should not be allowed.                                p. 366

It would be a dangerous and unsafe practice and one not to be tolerated, to reject sales so made and reported, merely to let in other and higher bidders, when no fraud, misrepresentation, or unfairness is shown, by inadequacy of price or otherwise.

p. 366

Where upon exceptions to a trustee's sale it is alleged that particular parties are willing to pay a definite, increased price for the property, and the purchaser at the sale agreed, before the ratification, that his bid for the property should be increased to a sum somewhat larger than that amount, and the report of the sale was so corrected, and a new order *nisi* passed, then in passing upon the exceptions to the sale, the comparison should be with the corrected price, and not with the original bid.

p. 365

*Decided January 11th, 1916.*

Appeal from the Circuit Court of Baltimore City. (Dob-LER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner and Stockbridge, JJ.

*Thomas Hughes,* for the appellant.

*D. Hopper Emory* and *Rignal W. Baldwin,* for the appellees.

Pattison, J., delivered the opinion of the Court.

The appellees, Executors and Trustees under the will of David Carroll, deceased, having the authority under said will to make sale of the property of the testator "either publicly or privately as they shall decide, and when ratified by the Court, to execute deeds of conveyances and valid acquittances for the purchase money," sold unto the appellant certain leasehold property of the testator at and for the sum of twenty-six hundred dollars, and on the 26th day of February, 1915, reported said sale to the Circuit Court of Baltimore City, and on that day the Court passed an order ratifying and confirming the sale unless cause to the contrary was shown on or before the 29th day of March, 1915.

On the 17th day of March, 1915, Duvall and Baldwin, as attorneys for certain undisclosed legatees of said David Carroll, deceased, filed exceptions to the final ratification of the sale, and asked that it be set aside. The ground of the exceptions being that the property was sold at an inadequate price, and in support of this allegation they state in their exceptions that "they are informed and believe other parties are willing to pay substantially more for the property and they know that Mr. J. Wilson Leakin will give and has offered to give

three thousand ($3,000) for said lots, and submit herewith his offer for the same."

The appellant on the 20th day of March following filed his petition, asking that the executors and trustees be directed to ignore the offer mentioned in the exceptions and that no action be taken or authorized by the Court without affording him an opportunity to be heard. Upon this petition an order *nisi* was passed granting the prayers of the petition. On the 22nd day of March, two days after filing the aforesaid petition, the appellant, filed his answer to said exceptions, in which he alleges that the sale to him was for "the full market value of the property, that it was entirely fair and deliberate, and made after unremitting efforts of the executors and trustees to make sale of the property, extending over a period of more than one year, and was strictly in accord, in every particular, with the provisions of the will." He further alleges that "after his purchase, he contracted to borrow on mortgage, part of the purchase money, went to the expense of having the title examined, and devoted great labor and time to consummating said purchase, and he submits that the good faith of the executors and trustees, and also this Court, requires that the sale to him should be ratified."

The appellant, on the 7th day of April following, filed his second petition in which he alleged, in addition to the matters and things found in his first petition, that he had been informed that an offer of thirty-two hundred dollars, subject to brokerage commissions, had been made through one Ferguson, but had heard the offer had been withdrawn. The petitioner also alleged that Leakin subsequent to his alleged offer invited the petitioner to his office and offered, upon terms that were declined by the petitioner, but which did not in any manner inure to the benefit of the estate, to withdraw his bid of three thousand dollars and allow the sale to the petitioner, at twenty-six hundred dollars, to be finally ratified and confirmed. The petitioner then alleges that although he thought the amount at which the property was sold to him ($2,600) was its fair market value, he, nevertheless, to avoid a con-

test, would increase the amount to thirty-two hundred and ten dollars, ten dollars more than the alleged bid of Ferguson, if, by so doing, there would be no further opposition to the ratification of the sale at the increased amount. Upon this petition the Court passed the following order:

"It is ordered by the Circuit Court of Baltimore City, this 7th day of April, in the year 1915, that the sale referred to in the aforegoing petition be ratified upon the conditions therein named, provided no cause to the contrary be shown on or before the 23rd day of April, 1915, and provided a copy of this petition and order be served on the executors or their counsel, and on the exceptants or their counsel, or on before the 13th day of April, 1915."

In a petition filed by J. Wilson Leakin on the 20th day of April, 1915, the following facts are alleged: the sale to appellants and the report of such sale to the Court on the 26th day of February, 1915; the offer of three thousand dollars made by him on the 1st day of March, 1915, which, as the petitioner alleged was brought to the attention of the Court; the subsequent offer of thirty-two hundred dollars by Ferguson; the increased offer of the appellant, and the *nisi* order passed thereon. The petitioner then states that he "now shows that he is willing to give a sum of money in excess of that offered by said Boyd," and he asks the Court to pass an order "requiring said Boyd and your petitioner and said Ferguson to make sealed bids for said lots, and that the said property may be sold to the one making the highest bid therefor."

The order upon this petition granted leave to the petitioners to file the same, "as cause why the sale reported on the 7th day of April to Boyd should not be ratified, and that the prayer of the petition be granted unless cause to the contrary be shown on or before the 1st day of May, 1915."

To the second petition of the appellant, filed on the 7th day of April, 1915, an answer was filed by Rignal W. Baldwin, attorney for certain undisclosed legatees of the said David

Carroll, deceased, in which it is averred that the appellant first attempted to secure the ratification of the sale at twenty-six hundred dollars; that these petitioners thereafter filed the aforesaid exceptions to such sale; that Leakin had offered and was now willing to pay for said lots of land, three thousand dollars; that the petitioners have heard and believe that "William E. Ferguson has offered and is willing to pay three thousand and two hundred dollars for said lands; that in their opinion the land is worth very much more than thirty-two hundred dollars and that if the same were put up at public auction or if in the discretion of the Court they were sold by means of sealed bids, a sum greatly in excess of thirty-two hundred dollars would be realized for said lots, and they are informed that said Ferguson is willing to submit a bid at public auction for *something* in excess of thirty-two hundred dollars for said lots of ground" and the answer then asks "that said sale be not ratified, and that the offer of said Boyd be not accepted."

To the petition of Leakin the appellant on the 26th day of April filed his answer, in which he denied the effect of his offer to increase the purchase price of the property, given to it by the petitioner, and also denied the right of Leakin to intervene, and asked that his petition be stricken from the files of the Court, and the prayer of the petitioner refused. The Court, however, on the 25th day of May, 1915, "adjudged and decreed that good cause to the contrary having been shown, the said exceptions to said sale be and they are hereby sustained and the said sale annulled and set aside," and it was "further ordered that the executors and trustees proceed forthwith to make sale of said lots * * * at public auction," upon the terms therein stated, after giving the prescribed notice of the time, terms and place of sale. It is from that decree that this appeal is taken.

The executors who made the sale were fully authorized by the will of David W. Carroll, deceased, to sell, either at public or private sale, the property sold to the appellant.

The Court by its order of July 17th, 1915, had assumed jurisdiction over the further administration of the estate of David W. Carroll, deceased, and by the provisions of the will the executors were required to report the sale made by them to the Court below, for its approval and ratification, before they could convey the property to the purchaser, and this they did on the 26th of February, 1915.

The sole ground upon which the Court was asked to set aside the sale was inadequacy of price. The law is well settled in this State by a long line of decisions that mere inadequacy of price, standing alone, is not sufficient to vacate a sale, unless it be so gross and inordinate as to indicate some mistake or unfairness in the sale, for which the purchaser is responsible, or misconduct or fraud on the part of the trustee making the sale. *Glenn* v. *Clapp,* 11 G. & J. 1; *Cohen* v. *Wagner,* 6 Gill, 236; *Johnson* v. *Dorsey,* 7 Gill, 269; *Gibbs* v. *Cunningham,* 1 Md. Ch. 44; *Hintze* v. *Stingel,* 1 Md. Ch. 284; *House* v. *Walker,* 4 Md. Ch. 63; *Hubbard* v. *Jarrell,* 23 Md. 66; *Warfield* v. *Ross,* 38 Md. 85; *Horsey* v. *Hough,* 38 Md. 137; *Gould* v. *Chappell,* 42 Md. 467; *Bank of Commerce* v. *Lanahan, Trustee,* 45 Md. 396; *Mahoney* v. *Mackubin, Trustee,* 52 Md. 357; *Loeber* v. *Eckes,* 55 Md. 1; *Dircks* v. *Logsdon,* 59 Md. 173; *Chilton* v. *Brooks,* 69 Md. 584; *Condon* v. *Maynard,* 71 Md. 601; *Garritee* v. *Popplein,* 73 Md. 322; *Shaw* v. *Smith,* 107 Md. 523; *Hunter* v. *Highland Land Co.,* 123 Md. 644. Before the sale was made by the executors and trustees aforesaid to the appellant an estimate of the value of the property was first obtained from two property brokers, as shown by the certificate attached to the report of sales, in which it is stated that they are acquainted with the property so sold and with its value and that "in their best judgment" the amount named in the report of sale ($2,600) is its "full value and as much as could reasonably be expected to be obtained at public auction."

There was no evidence taken in the case and the action of the Court on the exceptions was upon the allegations and averments found in the petitions and answers that we have

so fully set out in this opinion, consisting chiefly of the offers
or bids of Leakin and Ferguson made after the sale was made
and reported, and, as stated in the petition of the appellant,
which is nowhere contradicted, after the property had been
offered through numerous real estate agents for over a year
before the sale to him.

The offer or bid of Leakin's was three thousand dollars,
and that of Ferguson, as alleged in the petition of Leakin's
and in the answer of the exceptants, was thirty-two hundred
dollars. The appellant after the filing of the exceptions and
after hearing of these alleged offers, to avoid a contest, in-
creased the amount at which the property was sold and re-
ported to him, to thirty-two hundred and ten dollars, if the
sale at such price were ratified without further opposition;
and upon such offer a second *nisi* order was passed.

The offer, it will be seen, was greater than either Leakin's
or Ferguson's and was at that time the largest offer that had
been made; and as this amount became the substituted pur-
chase price for the property sold, it is unnecessary for us to
pass upon the alleged inadequacy of the original price at
which the sale was reported. We are to consider and pass
only upon the alleged inadequacy of the increased amount
which by the offer of the appellant was to be substituted for
the amount of the purchase price named in the report of sale,
and which offer was so treated by the Court in the passage of
its second *nisi* order, and we find nothing in the record even
tending to show that this amount was inadequate, except,
first, the offer of Leakin's that he will if the sale is reopened
and the property offered at public auction or by sealed bids,
give *"something"* in excess of the increased amount ($3,210)
to be paid by the appellant, and, second, the alleged offer of
Ferguson found in the answer of the exceptants, that he "is
willing to submit a bid in excess of *thirty-two hundred* dol-
lars (ten dollars less than the increased purchase price) or
to start a bid at public auction for *"something"* in excess of
*thirty-two hundred* dollars for said lots of land."

The allegations and averments do not warrant the conclusion that the sale should be set aside for inadequacy of price, and we find nothing in the record to indicate fraud or unfairness on the part of the executors or the purchaser in connection with the sale so made.

To set aside such sale and order a resale of the property, upon the aforesaid offers or bids, would, in our opinion, be an experiment only, and therefore in opposition to the decisions of this Court; *Bank of Commerce* v. *Lanahan, Trustee,* and *Hunter* v. *Highland Land Company, supra.*

It would also, we think be a dangerous and unsafe practice and one not to be tolerated, to reject sales so made and reported, merely to let in other and higher bidders, when no fraud, misrepresentation, or unfairness is shown, by inadequacy of price or otherwise. *Andrews* v. *Scotton,* 2 Bl. 671.

It thus follows from what we have said that the decree of the lower Court will be reversed and the case remanded that the sale to the appellant of the aforementioned property, at the increased purchase price, may be finally ratified and confirmed.

*Decree reversed and case remanded, with costs to the appellant.*