# CIRCUIT COURT OF BALTIMORE CITY.

Filed September 27, 1916.

SUSAN E. LACIDE
VS.
FLORENCE ZEILEN WILMER,
ET AL.

*Charles F. Stein* and *John L. Sanford* for plaintiff and trustee.

*David Ash* for exceptants.

DAWKINS, J.—

There is presented here one of the many aspects of a very protracted litigation. The questions now presented are exceptions to a sale made by the trustee appointed by this Court under proceedings pending over a long period of time, after a previous sale of the same property here involved was vacated.

The exceptions have been filed by Miss Florence Zeilen Wilmer, one of the parties to the cause. The exceptions are fifteen in number. Many of them set up practically the same point of objection to the sale. Many of them have not been specially adverted to in

the argument, so it will be concluded they were not well taken. Some of them could be availed of only by a purchaser of property and not by a party to the cause. It might be appropriate in the outset to say that there is nothing in any way to justify the suggestions that the trustee or the auctioneer failed in any way to fully and properly perform their duty. There is nothing whatsoever to cause anything but approval of the effort of the former to arrange for and conduct the sale. It is proper to say that the auctioneer has in the belief of the Court performed his duty in a perfectly satisfactory manner. It is but simple justice to say that both of these officers seem in their every action to have acted for the best interest of all concerned in this proceeding.

For convenience it might be best to adopt the grouping followed by counsel for exceptant in discussing the exceptions. Therefore, we will take up

First: The questions of the irregularity of the proceedings, lack of jurisdiction, failure of testimony to bind the exceptants, etc.

Practically most of these were so fully discussed in the opinion filed in another branch of this case on March 5, 1914, that it would seem unnecessary to go over them again. It was then said on the authority of the Handy case in 75 Maryland that parties could be brought in by supplemental bill, even after a sale had been made. So Miss Wilmer was properly made a party to the cause. Since the exceptant has been a party to this cause, certainly there has been no lack of opportunity for her to offer any proof of values or proof of any character that she might have desired. She can not "blow both hot and cold." She can not say she has no interest and then say that her interest is in jeopardy. That some one else owns the property, and again that she owns it or has an interest in it. She is apparently acting in entire harmony with another interested party. One of them has an interest. If she has no interest, nobody can deprive her of what does not belong to her. Be all this as it may, it does not seem to me that a party to a cause can be heard to object to a sale for any of the reasons just stated, unless, she can show a positive injury or wrong to her. This brings us to consider

Whether or not the sale was against the best interests of the parties.

The houses or lots sold seem to have been in bad condition. The neighborhood in which the ground rent sold is situated was in a transition state, from white to black habitation. Changes in neighborhoods and surroundings, as well as actual depreciations in values, are governed by the market no one can avoid.

The prices obtained by the trustee for each of the properties were within a small amount of what the experts fixed as proper values some months before the sale. The prices obtained seem to be fair prices under all the circumstances. No evidence has been adduced to show that a higher price could have been obtained under any other condition or by pursuing any other method of selling. It might be possible that the sum obtained, if invested, will not yield as large a sum as the income from the property yields at this time, but there is no assurance that this return of income can continue; besides, one part owner of property can compel the sale if it can not be divided (and proof here shows that it can not be partitioned) regardless of the income yielded or the real interests of all. This is true, even though a life tenant might suffer by a sale. What has been said in effect disposes of the questions of inadequacy of price. As has been said, the properties were in bad condition, "run down." The prices obtained are substantially the estimated values of the experts who testified at the former hearing. It is unbelievable from this testimony that any one could really feel that these properties failed to bring the highest possible price. It has not been shown that any one out of the very large number of bidders present at the sale would have given more, notwithstanding there were 25 to 30 bids made, by four or five recognized bidders attendant upon the sale.

The exceptant has not shown that a greater price could be obtained under any condition. Even if this were shown, mere inadequacy of price is not sufficient to vacate a sale, unless it be grossly inadequate, or there be some unfairness or fraud. 127 Md. 359, Boyd vs. Smith.

Whilst the exceptant or her representative seems to have known about the advertisement and its form, no ob-

jection to it was offered. No bidder seems to have been prevented from bidding on account of the somewhat unusual insertion of references to the lease, tenancy, paving, terms of sale, etc. Whilst one bidder is stated to have bid a less amount than he otherwise would have done on account of his relations with the trustee, yet that could hardly show that any other bidder stopped bidding after having advanced upon the aforesaid bidder several hundred dollars. The unusual items inserted in the advertisement were put in out of extra precaution, but no prospective bidder has been produced whose bidding was in any way interfered with for that reason. The trustee could only sell what he possessed. It would seem unnecessary for a determination of these exceptions to discuss the remaining objections. Believing that this exceptant has not suffered by this sale, that the property brought a fair market price, that the sale was fairly and properly conducted and being of the opinion that the jurisdictional question can not be reviewed by a party to the cause by way of exceptions (66 Md. 585, Newbold vs. Schlem, and 66 Md., Slingluff vs. Slingluff), the exceptions to the ratification of the sale will be overruled.