JOSEPH S. KNAPP et al. *v.* MARY KNAPP et al., EXECUTORS.

*Sale By Executors—Setting Aside of Will—Effect—Advertisement of Sale—Inadequacy of Price.*

A sale by the executors named in a will, for the payment of debts and expenses of administration, which was made and reported, and exceptions to which were filed, before an order was passed setting aside the will upon a caveat thereto, was not affected by the passing of such order.                  pp. 218, 219

Since Code, art. 93, sec. 290, authorizes the orphans' court to direct the manner and terms of sale of property to obtain money for payment of debts, such a sale, made after advertisement of notice for the length of time named by that court in its order, cannot be questioned because the time so named was shorter than that prescribed by statute or customary in the case of judicial sales in other proceedings.           pp. 219-220

Failure to comply with a rule of the orphans' court that a petition for the sale of property shall state the day, date, month, and year of the return of the inventory in the estate of which the petitioners are executors or administrators, *held* not to affect the validity of the order passed on the petition.           p. 221

. The advertisement which the law specifically requires in the case of an executor's sale is legally sufficient, and it is immaterial that the executors make no further effort to bring the sale to the notice of possible buyers.                  p. 221

That in a conference, shortly before a sale by executors, on the postponement of the trial of issues as to the validity of the will, the executors failed to mention the sale to one of the contestants, who consequently, having failed to see the newspaper notice, did not learn of the sale, *did not affect its validity.*
                                        p. 222

Inadequacy of price, standing alone, is not sufficient to vacate a sale, unless it be so gross and inordinate *as to indicate some mistake or unfairness in the sale, for which the purchaser is*

responsible, or misconduct or fraud on the part of the trustee making the sale.        p. 222

That property valued at from $3,500 to $4,000 brought only $2,605, *held* not to show any fraud, misconduct, or unfairness in the sale, the property being at the time in an untenantable condition, the sale being well attended, nothing being done to interfere with getting the highest possible price, and none of those attending the sale being willing to pay any more.        p. 222

*Decided December 4th, 1925.*

Appeal from the Orphans' Court of Baltimore City.

Exceptions by Joseph S. Knapp and Flora Miller to a sale made by Mary Knapp and Daniel W. Schilling, executors of the will of John Knapp, deceased. From an order ratifying the sale, exceptants appeal. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Walter C. Mylander,* with whom were *Joseph S. Knapp, Jr.,* and *Charles M. Armstrong* on the brief, for the appellants.

*Bernard J. Flynn,* for the appellees.

BOND, C. J., delivered the opinion of the Court.

The appellants, heirs at law of Joseph Knapp, deceased, excepted to the ratification of a public sale of leasehold estate by executors of the will of Joseph Knapp, under an order of the Orphans' Court of Baltimore City; and they specified as the grounds of exception: (1) that the will under which the executors had been proceeding had been set aside upon a caveat, and therefore the executors had no right or power to proceed in the administration of the estate; (2) that the sale, which was for the payment of debts, was authorized upon a misrepresentation as to the need of

money from the sale of real estate for that purpose; (3) that the advertisement of notice of the sale was insufficient; and, (4) that the price brought was grossly inadequate, and, under the circumstances shown, should not be accepted. The first and second grounds have not been pressed in the argument on appeal. The docket entries of the case show that the sale had been made and reported, and these exceptions filed, before the order setting aside the will was passed in the orphans' court, so that the executors still had power to act. "The effect of the caveat and the proceedings was not to revoke the probate, or suspend the powers of the executors. These remain to await the final action of the orphans' court, after the trial and verdict upon the issues." *Munnikhuysen v. Magraw,* 35 Md. 280; *Pacy v. Cosgrove's Executor,* 113 Md. 315, 320; *Seldner v. McCreery,* 75 Md. 295; Code of Public General Laws, art. 93, sec. 37. And the evidence taken showed quite clearly that there were debts and expenses of administration to be paid, and not sufficient funds in the estate to pay them.

The orphans' court, acting under its statutory power (Code, P. G. L., art. 93, sec. 290), to "direct the manner and terms of sale" of property to obtain money for payment of debts, ordered that notice of this sale be advertised in one of the daily newspapers in Baltimore City twice a week for two weeks. This, we are informed by counsel, is the notice customarily ordered by that court for such sales. The sale took place on November 6th, 1924, and the notice was published in the Daily Record of Baltimore, where such notices are commonly published, on October 20th, 24th, and 27th and November 1st, 3rd and 6th, 1924, that is to say, six times during eighteen days, or more often and for a longer time than the order of the court required. The appellants object, however, that this advertisement, measured by the statutory or customary length of notice of judicial sales in other proceedings, is too short. And they argue that it should be so measured, because practice under a statutory power so indefinite as that to "direct the manner and terms of sale," is regu-

larly conformed by the courts, "upon principles of analogy," to the practice defined in more specific statutes for similar situations. Statements by this Court in *Berrett v. Oliver,* 7 G. & J. 191; *Lowe v. Lowe,* 6 Md. 347; *Edwards v. Bruce,* 8 Md. 387, 395, and elsewhere, are cited in support of the argument. And the practice of courts of equity in adopting the period of limitations imposed by courts of law for cases of the same kind, would seem to be an illustration of the conformity by analogy now suggested. See *Brantly's note* to *Chew v. Farmers' Bank,* 2 Md. Ch. 231. It is pointed out that publication of notice of sale for at least twenty days has been required in each of several statutes which provide for sales (Code, P. G. L., art. 81, sec. 59; art. 66, sec. 8; art. 23, secs. 200 and 75); that in the provision for sales under general power to an executor to sell real estate, article 93, section 299, the notice is expressly required to be "by publication given in the same manner as practiced in cases of sales of lands under decrees in equity"; and that it is the unvarying practice in the equity courts of Baltimore City to have the notice published twice a week for three successive weeks, and in the county courts to give still longer notice. And the conclusion is that the notice given in this case, six times in eighteen days, should, therefore, be held inadequate. But we consider this to be an argument which could be addressed only to the orphans' court itself, in view of the unrestricted discretion given it in the statute. The very omission of a definite time of publication in that one statute would seem rather to proclaim an intention on the part of the Legislature that the orphans' court should not be subject to the restrictions inserted in the other statutes, but should be left free to follow its own judgment. The present argument is, in effect, that this Court should amend the statute and curtail the general power given by it, by importing and adding provisions from other statutes. No authority, we think, would support the contention that one court might so interfere in the statutory powers of another. Our opinion is that we cannot hold the published notice in this instance insufficient.

Coming to the question of the adequacy of the price brought at the sale, we find from the evidence on the subject that between two and three dozen people attended the sale, and that there were about seven bidders. The property was sold to the highest bidder at $2,605. It had been appraised at $3,500, and the appellants offered at the hearing an expert's valuation of $4,000. This valuation was not admitted in evidence, and the reason for the exclusion does not appear in the record. The court also excluded evidence of two present offers to purchase at $4,000. *Boyd v. Smith,* 127 Md. 359, 366. *Cf. Bank v. Lanahan,* 45 Md. 396, 411; *Dircks v. Logsdon,* 59 Md. 173. In the argument, it was stated by the appellant's counsel that the property was resold for $4,200, but we find no evidence of this, or offer to prove it, in the record. We need not discuss the rejection of the evidence, for our conclusion is that even if the evidence were in the case, on all the circumstances shown here it would not be error to ratify the sale.

It is objected that the order for this sale failed to comply with the requirement of the rules of the orphans' court that petitions for the sale of such property should state the day, date, month and year of the return of the inventory in the estate of which the petitioners are executors or administrators (Rule 21); and a supplemental printed record of 17 pages has been filed to bring the rule before this Court. We have not been able to find in it anything which could affect, in any way, an order passed by the court on a petition which omitted to state the facts specified. There is also some criticism of the advertisement for defects due, as it would seem, to carelessness in its preparation, but we do not understand these to be cited as affecting the validity of the sale. The evidence shows, further, that the executors did not make any effort, other than by the publication, to bring the sale to the notice of possible buyers. The advertisement which the law specifically requires is a legally sufficient advertisement, of course (*Shaw v. Smith,* 107 Md. 523, 526; *Chilton v. Brooks,* 69 Md. 584, 588; *Dircks v. Logsdon,* 59 Md. 173,

179); but the limited extent of the advertisement is cited as one of several elements possibly contributing to bring a low price, to be considered together in testing the acceptability of the sale. The appellants also complain that in a confer- ence, shortly before the sale, on the postponement of trial of the issues on the validity of the will, the executors made no mention of the approaching sale to the appellant, Joseph S. Knapp, and that he, not having read the notices in the Record, did not, consequently, learn of it; but as to this, we feel unable to say what if any significance should be attached to the failure to mention the sale, for it is conceivable that it might have occurred quite naturally, without any purpose.

In considering exceptions to a sale because of dissatisfac- tion with the price, we begin, of course, with the principle that mere inadequacy of price, standing alone, is not suffi- cient to vacate a sale, unless it be so gross and inordinate as to indicate some mistake or unfairness in the sale, for which the purchaser is responsible, or misconduct or fraud on the part of the trustee making the sale. *Boyd v. Smith,* 127 Md. 364. Here the difference between the sales price of $2,605 and either the appraisal at $3,500, or the expert val- uation of $4,000 offered at the hearing, would undoubtedly be great in proportion, and it might well be concluded that the price brought was inadequate, if the full value was so great as $3,500 or $4,000. But against that conclusion are to be weighed the facts that the property was, at the time of sale, in an untenantable condition, that the sale was well attended, that nothing was done to interfere with getting the highest possible price, and that none of the bidders who took the trouble to go to the sale with the intention of bidding were willing to pay any more. Those facts might be taken to indicate that the price brought represented the real value. And upon the whole case thus made up we are not persuaded that there was any fraud, misconduct, or unfairness in the sale. We, therefore, have to affirm the order of the orphans' court ratifying it.

*Order affirmed.*