## ABRAHAM BLANK *v.* RACHEL FREY ET AL.

[No. 70, October Term, 1933.]

*Decided January 12th, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*James A. Loughran* and *James Clark,* for the appellant.

*Joseph L. Donovan,* for the appellees.

BOND, C. J., delivered the opinion of the Court.

The purchaser at an administrator's private sale of a store property appeals from an order of the orphans' court sustaining exceptions by next of kin of the decedent, and order-·ing a resale. The question is one of sufficiency of the sale made, in the light of offers of larger prices subsequently received, and in view of a lack of advertising for the sale in newspapers or by other printed matter. No misconduct or failure of duty, except with relation to the advertising, is charged against the administrator.

The decedent, Elizabeth A. Schnapp, of Ellicott City, had owned a leasehold store property on Main Street in the town, and it was, at the time of her death, let for a term of years to the appellant, Abraham Blank, who conducted his business in the store. The term of his lease had three more years to run. The decedent's holding was subject to an annual ground rent of $39.75. It was appraised for the purpose of administration at $5,800. It being necessary to sell it to pay debts of the decedent, and to distribute the remaining proceeds among the next of kin, the administrator, who was himself one of the next of kin, procured from the court on May 9th, 1933, one month after the death of the decedent, an order to sell at public or private sale for not less than the appraised value. The order contained no requirements of advertising, for private sale. On the same day, the administrator filed in the court a report, in the form of a petition for ratification, stating that after obtaining expert appraisals, he had agreed to sell to Blank, the tenant, at $6,000; and the court passed an order for ratification of the sale unless cause to the contrary should be shown. Exceptions were

duly filed by several persons among the next of kin, and a signed statement to show objections by others, this including most of the next of kin, was offered at a hearing on the exceptions. The exceptants reported in their exceptions that since the sale an offer had been made by Abraham Isaacs and wife to buy at $6,500. Later Simon Scherr, a merchant of the same place, filed in court an offer to buy at $6,700.

Testimony taken showed that there had been no printed advertising, but on behalf of the purchaser it was testified that, even before the death of the decedent, efforts to sell had been made by her committee—she being incompetent— and had failed to bring as much as $6,000; that immediately after the appointment of the administrator he, knowing that sale would be necessary, had begun to canvas possible purchasers; and that diligent efforts had failed to bring to light any possibility of sale above $6,000 except that Simon Scherr, who now offers $6,700, had made an offer of $6,250, but expressed unwillingness to adhere to that offer when he learned that the property was to be sold subject to the ground rent. There was testimony also that the intention to sell was a matter of common knowledge in Ellicott City, which is a town of small population. The bidders now reported as making the higher offers are merchants in competition with Blank, the tenant, and it appears that a representative of Isaacs and wife solicited and obtained signed objections of the next of kin to the sale made.

There has been no offer of a higher price made directly in the proceedings by Isaacs and wife, or testimony that they are prepared to stand by the reported offer, and it is questioned whether they might still be willing to do so if they knew that possession could not be given for three years. This being the situation, a higher price from that source can hardly be regarded as assured, and the possibility of it seems to be one similar to that dealt with in the case of *Boyd v. Smith*, 127 Md. 359, 366, 96 A. 526, in which the court considered that to set aside a sale made and order a resale upon a mere report of a higher offer would be an unjustified experiment. And as to the later offer of Scherr, this shows on the

evidence, not a possibility which had previously escaped the administrator by reason of lack of advertising or otherwise, but rather a possibility which could not be brought into existence except by a sale to Blank at $6,000. Scherr had been solicited before the sale to Blank, and could not be induced to stand by an increased offer.

The higher prices mentioned would not in any event show any material inadequacy in the price obtained at the sale; the possibility of the administrator's having been able to obtain these offers or any other by means of printed advertising is left doubtful; and there is no suggestion that he omitted any zeal or efforts otherwise. Further, the sale was made entirely in accordance with the authority and direction of the order of the court, and for more than the appraised value included as a measure of that authority. On the whole, therefore, the case appears to this court to be merely one of higher bids encouraged and produced by the sale made, rather than obtainable before it. Such subsequent higher bids are common after one bidder and purchaser has led the way, and they naturally give rise to dissatisfaction and doubt of the propriety of the sale, but, to repeat what this court had occasion to say in several previous cases, when a property has been fairly brought to its market, such as the market is at the time, the subsequent possibilities of obtaining a higher price do not alone furnish sufficient ground for setting aside the sale made. The court under the authority of which the sale is to be made is not holding an auction, and receiving bids accordingly, up to the time fixed for final ratification, but is to close on the sale reported unless it is objectionable on grounds existing when it was made. *Boyd v. Smith, supra; Loft, Inc., v. Seymer,* 148 Md. 638, 646, 129 A. 911; *Kirkpatrick v. Lewis,* 159 Md. 68, 71, 149 A. 614. This court does not see sufficient grounds for objection then existing, and concludes that the sale should be ratified.

Objections to rulings on evidence need not be discussed.

*Order reversed, with costs.*