(Decided 30th June, 1870 )

---

## John E. Reeside and Agnes, his Wife, *vs.* George W. Peter and George Peter, Trustee.

*Sale under a Deed of Trust — Insufficiency of the Advertisement of the Property — Sufficiency of a Trustee's Bond — Insufficient ground for vacating a Trustee's Sale.*

A deed of trust to secure the payment of certain promissory notes, authorized and empowered the trustee, in default of payment of any of the notes, or of the interest thereon, when the same should become due, to

sell the lands and premises therein prescribed, "at public auction, after one month's public notice to be given in some newspaper circulating in the county, and in the neighborhood of the lands, and otherwise as the trustee should think right." The trust property was advertised for sale. The advertisement stated that the trustee would by virtue of a deed of trust, without naming the parties to the deed, offer for sale "in front of the door of Seneca Mills, all the following pieces or parcels of land situated and lying in Montgomery county, Md." The advertisement gave the date of the deed of trust, and stated the Liber and folio of the Land Records of the county, where it was recorded.  HELD:

That the advertisement did not answer the requirements of the deed of trust; did not sufficiently describe the property offered for sale, and the sale made thereunder should therefore be set aside and the property resold.

By a deed of trust, the trustee was authorized in a certain contingency, to sell the property therein described. Before proceeding to make sale, he filed his bond, the condition of which was that "if he should well and faithfully perform the trust reposed in him by said deed, or that might be reposed in him by any order or decree of the Circuit Court for Montgomery county, as a Court of Equity, in the premises," then, &c., HELD:

That the bond conformed to the requirements of Article 81, section 116 of the Code, which was sufficient under the deed of trust, and there was no occasion for an additional bond under Article 64, section 6.

The omission by a trustee to state the terms of sale in his report, accompanying which there was a copy of the advertisement wherein they were fully set forth, affords no sufficient ground to vacate the sale, in the absence of proof that the omission was fraudulent.

APPEAL from the Circuit Court for Montgomery County, as a Court of Equity.

On the 8th day of August, 1865, George W. Peter and wife, sold and conveyed to John E. Reeside, certain lands in Montgomery county, for $20,000. The vendee paid $6,666.66 in cash, and for the balance gave his three promissory notes for $4,444.44 each, payable respectively at one, two and three years from date, secured by a mortgage or deed of trust, dated the 9th of August, 1865, containing a power of sale to George Peter, the trustee. The first note having fallen due and remaining unpaid, the trustee advertised a sale to take place on the

13th day of December, 1866, but Reeside came forward, paid the note then due, costs of advertising, &c., and stopped the sale. The second note having become due, the trustee again advertised, and sold the property on the 20th day of May, 1868, to George W. Peter, the creditor, for $9,400. The advertisement of the property was in part as follows: "By virtue of a deed of trust, bearing date the 9th day of August, 1865, and recorded in Liber E. B. P., No. 2, folio 241, &c., one of the Land Records for Montgomery county, the subscriber, as trustee, will offer at public sale, on Wednesday, the 20th day of May, 1868, at 12 o'clock, M., in front of the door of Seneca Mills, all the following pieces or parcels of land, situated and lying in Montgomery county, Md." The report of the sale was filed on the 22d day of May, 1868, accompanied with an order of ratification *nisi*, designating the first of July, following, as the day on or before which cause against the ratification of the sale, should be shown; on that day, Reeside and wife filed their petition and exceptions to the sale, of which the following only need be stated, as the others referred to questions of fact which were unsustained by proof:

3d. Because, the description and locality of the property sold, are so vaguely and indefinitely stated in the advertisement of the trustee, as not to secure competition, a fair sale, a proper examination of, or an adequate price for the said property.

6th. Because the bond filed by the trustee does not contain the condition prescribed by the Act of Assembly in such case made and provided.

8th. Because it is not stated anywhere in the trustee's report of sale, what were the terms on which the sale was made.

To the foregoing exceptions, the trustee answered as follows:

To the third objection or reason, that the property was advertised three times, the first advertisement having been prepared to some extent at the suggestion of John E. Reeside,

and at his special request his name was omitted, and at neither time did the said Reeside say to the respondent that the advertisement was vague, nor anything of the kind, but on the contrary, after the advertisement was first made, he expressed himself satisfied.

To the sixth objection, the respondent refers to the copy of the bond filed, for proof of its sufficiency.

To the eighth objection, the respondent refers to the copy of the advertisement filed with his report, in which the terms of sale are fully set forth.

On the 8th of February, 1869, the Circuit Court overruled all the exceptions, and passed an order ratifying the sale.

From this order the present appeal was taken.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MAULSBY, ALVEY and ROBINSON, J.

*Richard M. Williams* and *Richard J. Bowie*, for the appellants.

The advertisement is grossly defective in not properly describing and locating the property.

It does not state in what locality or part of the county the lands lie, but simply that the trustee will, by virtue of a deed of trust, without naming *from*, or *to* whom, offer for sale, " in front of the door at Seneca Mills, all the following pieces or parcels of land situated and lying in Montgomery county, Md." It omits to state that Seneca Mills is in the county or even in the State.

The Court below argued that the description of the property was sufficient, because it furnished references to records from which the county surveyor " would be able, under a warrant from Court, to survey and locate the property."

If this be a true test, an advertisement might describe property wholly by metes and bounds, courses and distances, without naming locality, and because surveyors, by reference to papers and records, could ascertain and locate the property,

the description would be held sufficient, though it should be inexplicable to other persons. *Kauffman vs. Walker,* 9 *Md.,* 229; *Alexander vs. Walter,* 8 *Gill,* 261.

The bond filed by the trustee does not contain the condition prescribed by the Act of Assembly.

The language of section 6, Article 64 of the Code, is: "to abide by and fulfil any order or decree which shall be made by any Court of Equity in relation to the sale of such mortgaged property, or the proceeds thereof."

The language of the bond filed is: "perform the trust reposed in him (the trustee) by said deed, or that may be reposed in him by any order or decree of the Circuit Court for Montgomery County, as a Court of Equity."

The Court below was under a misapprehension in supposing that the argument on this point was *"that should the present style of the Court of Equity be changed, the condition of the bond would be a nullity."* It was argued that, should "the Circuit Court for Montgomery County as a Court of Equity" be abolished, or have its name changed, and another Court of Equity, or one of a different name, with proper jurisdiction, afterward pass an order or decree in the premises, a failure of the trustee to comply therewith would not be a breach of the bond filed in this cause. Hence the importance of the exact language of the Code, *"any Court of Equity."* A failure to comply with an order or decree of the Court of Appeals, would not be a breach of the bond in this cause. *McCabe vs. Ward,* 18 *Md.,* 505; *Coleman vs. State,* 10 *Md.,* 168.

The alternative in which the condition is stated, also makes the instrument defective. In settling a trust, a Court of Equity might pass an order re-forming a deed, or conflicting with it in some of its provisions, and whether the trustee followed the deed or order of the Court, a question would arise in a suit on the bond.

Powers, and especially those created by statute, are strictly construed. Whatever formalities are required by the statute

must be punctually complied with, and every circumstance strictly pursued. 1 *Story's Eq. Ju.*, secs. 96, 177; *Sugden on Powers,* 15 *Law Lib.*, 264, 268; *Hawkins vs. Kemp,* 3 *East R.*, 410; 4 *Kent's Comm.,* (*Marg.,*) 148, 191 *and note b.* (*sixth edition;*) *Mason vs. Martin & Kemp,* 4 *Md.,* 137; *Cross vs. Cohen,* 3 *Gill,* 257, 269, 272.

The trustee's report nowhere states the terms of the sale. Merely filing a copy of the advertisement is no allegation that the terms specified therein were those upon which the sale was made. This should affirmatively appear. *Alexander's Ch. Pr.*, 145, 146.

*George Peter,* for the appellees.

The third objection is based upon an allegation that the description in the advertisement is vague and indefinite. The description was sufficient. A copy of the advertisement was attached to the report, and showed that the Liber and Folio of the record of the deed were referred to, and the names of the tracts given. The answer of the trustee showed that Reeside's name was omitted at his special request. *White & Elder, et al. vs. Malcolm, et al.,* 15 *Md.*, 529.

The sixth objection is, that the bond of the trustee does not contain the condition prescribed by the Act of Assembly. This bond was given to effect a sale under a *deed of trust* — the bond follows the exact language of the Act of Assembly in relation to deeds of trust. *Code, Article* 81, *section* 116.

The eighth objection is on the ground that the trustee's report of sale does not state on what terms the sale was made. A copy of the advertisement of the property is attached to the trustee's report, in which the terms of sale are fully set forth. A failure by a trustee to state in his report the terms of sale, is not, in the absence of proof of fraud, surprise or undue advantage, sufficient to set aside a sale. *White & Elder, et al. vs. Malcolm, et al.,* 15 *Md.*, 529.

STEWART, J., delivered the opinion of the Court.

This is an appeal from the action of the Court below, over-ruling exceptions to the report of sale made by the trustee under a deed of trust, and finally ratifying the sale.

All of these exceptions, but the third, sixth and eighth, refer to questions of fact, depending upon proof, and being totally unsustained, were properly overruled by the Court below.

The third exception alleges the insufficiency of the public notice or advertisement of the sale of the property, a copy of which accompanies the report of the trustee.

Although there is no positive evidence that the sale of the property by the trustee was for an inadequate price, or that the trustee designed to omit any duty incumbent upon him, in the fair discharge of the trust, yet, as the deed which pre-scribed his duties required the property, in default of pay-ment of the debt, to be sold "at public auction, after one month's public notice, to be given in some newspaper circu-lating in the county, and in the neighborhood of the lands, and otherwise, as the trustee shall think right," it was neces-sary that he should strictly pursue the directions prescribed. By such a compliance alone could the property be legally dis-posed of.

The fact that the first notice omitted the name of the mort-gagor by his request, however it may have shown a disposi-tion to gratify him, yet the interests of the parties concerned required proper public notice of the sale of the property. The advertisement of sale is addressed to the public, and should of itself contain sufficiently definite terms of descrip-tion, without further reference, to apprise the public of the property to be sold, and any description by the notice which informs the public of the property to be sold, is sufficient.

The authority by which the property is sold—a description thereof, full enough to be understood by the public—its popu-lar name, if any—its proximity to other known property—the name of the occupant at the time, or any other prominent

characteristics, may all, or either, afford means of informing the public, and others concerned, of the identity of the property.

In this instance, the notice was too meagre to answer the requirements of the deed of trust. It does not state even from or to whom was the deed of trust, but merely refers to the book, among the land records of the county, where that may be found; nor does it give the location of the lands, more particularly, than that they are in Montgomery county; their neighborhood is not mentioned, nor to what lands adjacent, nor who reside on the property, and unless a person was familiar with the lands, or had special knowledge of them, he would be compelled to make examination among the land records of the county to find out what were the lands to be sold. See *Kauffman vs. Walker*, 9 *Md.*, 229; *Alexander vs. Walter*, 8 *Gill*, 261. We concur with the Court below in its ruling on the sixth exception, as to the validity of the bond of the trustee. It conforms to the requirements of the Code, Article 81, section 116, which is sufficient under the deed of trust, and there was no occasion for any additional bond under the 6th section of Article 64 of the Code.

We find no error in the ruling on the eighth exception, that the terms of sale were not specified in the trustee's report.

Although not specially mentioned by the trustee in his report, they are to be found in a copy of the advertisement accompanying the report, which forms a part thereof, and may be ascertained, and in the absence of proof of fraudulent omission, such irregularity affords no sufficient ground to vacate the sale. If the terms had been entirely omitted, by mistake or inadvertence, they might have been supplied by an additional report.

Owing to the defect in the notice, the sale must be set aside, and the property be re-sold, and the case will be remanded, in order that the necessary steps may be taken by the Court below, for this purpose.

*Order reversed and cause remanded.*

(Decided 30th June, 1870.)