# THOMAS F. CONROY *vs.* HELEN M. CARROLL AND OTHERS.

*Advertisement of Trustees' Sale—Non-compliance with Terms of Sale—Vacating Sale.*

A decree for the sale of property directed the trustee to give at least three weeks' notice of the time, place, manner and terms of sale by advertisement inserted in some newspaper published in Montgomery County. A sale was reported as having been made after five days' notice by advertisement in a newspaper not published in Montgomery County. The property was sold for less than its real value. *Held*, that the sale should be set aside.

Appeal from an order of the Circuit Court for Montgomery County (HENDERSON, J.), setting aside and annulling a sale of real estate reported by certain trustees. The trustees were appointed by a decree passed on a creditors' bill which authorized them to sell the real estate of the late S. S. Carroll, or so much thereof as might be necessary, after giving at least three weeks' previous notice by advertisement inserted in some newspaper or newspapers published in Montgomery County, and such other notice as they shall think proper of the time, place, manner and terms of sale.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE and BOYD, JJ.

*Charles H. Stanley* (with whom were *Talbott & Prettyman* on the brief), for the appellant.

*Anderson & Bouic*, for the appellees, submitted the case on brief.

FOWLER, J., delivered the opinion of the Court.

By authority of a decree of the Circuit Court for Montgomery County, the trustees therein named sold a part of

the real estate of the late Samuel Sprigg Carroll.   Exceptions were filed to the ratification of this sale upon the ground, first, that the sale was not advertised according to the requirements of the decree ; second, that the price obtained was grossly inadequate ; and, thirdly, that the trustees had failed to file the bond required by the decree.   The learned Judge below overruled the second and third exceptions, sustained the first, and passed an order setting the sale aside.   From this order the purchaser, Thomas F. Conroy, has appealed.

The trustees were required by the decree to give "at least three weeks previous notice by advertisement inserted in some newspaper printed and published in Montgomery County, and such other notice as they should think proper, of the time, place, manner and terms of sale."   This requirement, it is conceded, was not complied with, for the sale which was reported as having been made to the appellant never was advertised, except by a short notice published in the *Washington Star* five days before the sale.   The appellant purchased the property for seven thousand five hundred dollars, and a few days thereafter a *bona fide* cash offer of nine thousand dollars was made to the trustees, who hold a certified check for that amount as evidence that said offer is a continuing one.

Under these circumstances we are all of opinion that the sale should be set aside.   We do not, however, so hold because of any gross inadequacy of price—the evidence not justifying such a conclusion—but because the sale, as reported, was not advertised as directed by the decree, coupled with the fact, which is clearly established by the proof, that the property was purchased by the appellant for much less than its real value.   While it is well settled that the right of purchasers at trustees' sales must be recognized and carefully guarded, yet it must not be forgotten that they always purchase subject to the approval of the Court, which is the real vendor, and that, therefore, they must take the risk of losing the benefit of the purchase if it should happen

that there are valid objections to the confirmation of the sale. *Kaufman* v. *Walker*, 9 Md. 241 ; *Reeside and Wife* v. *Peter*, 33 Md. 127 ; *Bolgiano* v. *Cook*, 19 Md. 391.

Finding no error in the order passed by the learned Judge below, it will be affirmed.

*Order affirmed with costs.*

(Decided December 11th, 1895.)