MARTHA W. HARRISON v. C. M. DAW AND WIFE.

(Filed 15 September, 1920.)

**Sales—Mortgages—Void Foreclosure—Resale—Title.**

Where, under the power of sale contained in a mortgage or deed in trust, the purchaser is judicially ascertained to have acted for and as the agent of the mortgagee, he and the mortgagee may again sell the land under the continuing power contained in the mortgage, without the order of court to sell, and convey the title to the purchaser at the second sale.

APPEAL by defendant from *Cranmer, J.,* at the April Term, 1920, of BEAUFORT.

This is an action to recover possession of a certain tract of land.

The defendants denied the right of the plaintiff to recover.

Prior to 1914, the defendant Daw was the owner of said land, and on 23 May of that year he and his wife executed a mortgage with power of sale to S. B. Windley to secure $187.50.   After said debt became due,

the land was sold under said mortgage and bought by E. A. Daniel, Jr., to whom the land was conveyed by deed on 17 December, 1917.

The said Daniel brought an action against the defendants to recover possession of said land, and the defendants alleged that the plaintiff Daniel bought the land at the mortgage sale for, and as the agent of, the mortgagee.

A decree was entered in said action in which it was adjudged that the said Daniel held the title to said land under the said mortgage in trust to secure the debt therein set forth, and upon the condition set out in said mortgage.

The said Daniel and the said Windley, mortgagee, thereafter advertised said land for sale under the power contained in said mortgage, the same was again sold, and the plaintiff became the purchaser, and deed was executed to him for the same.

The defendants on the trial in the Superior Court stated in open court that they rested this case on the legal question as to whether the foregoing deeds and mortgage conferred title on the plaintiff.

The court held that the plaintiff was the owner of the land in controversy, and rendered judgment accordingly, and the defendants excepted and appealed.

*Small, MacLean, Bragaw & Rodman for plaintiff.*
*John G. Tooly and Harry McMullan for defendants.*

ALLEN, J. The determination of the question involved in this appeal depends on the right of a mortgagee to sell a second time after he has once sold the land under the power contained in the mortgage and executed a deed pursuant to the sale, when the first sale has been set aside.

The minority rule seems to be that the mortgagee cannot resell the property, although the first sale is invalid and is upon the ground that upon the execution of a trust deed or mortgage the legal title passes to the trustee or mortgagee, and that any conveyance conveys his legal title, and that he retains no title which he can convey on a resale of the premises.

"The majority rule is that where the trustee named in a trust deed or mortgage, with a power of sale, has made an invalid sale of the property conveyed to him in the trust deed or mortgage, he may resell the property in accordance with the provisions thereof. Thus, in a case wherein it appeared that a sale of property by a trustee in a trust deed had been set aside by a court of equity on account of the insufficiency of the description of the property in the notice of sale, and that the trustee had resold the property, the Court held that the resale was valid, and that it was not necessary to obtain an order of the court therefor." 19 R. C. L., 620.

Our Court has adopted the majority rule.  *Brett v. Davenport,* 151 N. C., 56.

The case of *Reeside v. Peter,* 35 Md., 221, is directly in point.  In this case the Court says: "On a former appeal between the same parties, 33 Md., 120, a previous sale made by the trustee was set aside on the ground that the property was not sufficiently described or designated in the public notice of sale given by the trustee; and the cause was remanded in order that the property might be resold, and the necessary steps taken in the court below for that purpose, in conformity with the opinion of this Court.  The trustee thereupon proceeded to advertise the property again for sale, under the power contained in the deed, and the sale was made on 24 August, 1870, and a report thereof made to the Circuit Court.

"The *first* objection has been mainly relied upon in this Court.  It rests upon the ground that it was necessary, after the case had been remanded, for the Circuit Court to pass an order directing a resale of the property, and that the trustee had no power to sell without such order.

"In our opinion, such order was not necessary; the power to sell was conferred upon the trustee by the terms of the deed, and no previous order of the court is necessary to enable the trustee to exercise it.

"In the former appeal, this Court considered the instrument as a deed of trust and not as a mortgage.  Even if it be treated, however, as a mortgage coming within the provisions of the Code, article 64, and it be conceded that, after the sale had been set aside, the case came within the operation of the 9th section of that article, still we do not understand the terms of that section as mandatory, requiring that a resale shall be ordered by the court.  It would certainly be a safer and better practice to obtain such order; but the resale would not be invalid without it, nor is the want of it a good ground for setting the sale aside, if it be fairly made and free from objection on other accounts.  The power to sell in this case is not derived from the court, but from the deed; and as it may be exercised in the first instance, and the property sold without the court's order, so it may be resold without such order, where the first sale has been set aside."

We therefore conclude that his Honor held correctly that the plaintiff is the owner of the land in controversy.

No error.