JOSEPH L. DONOVAN, Trustee,

*vs.*

JAMES NICHOLAS MILLER.

*Joint Trustees—Appeal by One—Interest of Appellants.*

Since joint trustees must act jointly, an appeal by one trustee, not joined in by his co-trustee, will be dismissed.     pp. 556, 557

An appeal by persons who are not parties to the cause, who did not intervene by petition to be made parties for the purposes of an appeal, and whose interests in the subject-matter of the appeal do not affirmatively appear from the record, will be dismissed.                                              p. 557

*Decided January 12th, 1921.*

Appeals from the Circuit Court for Howard County, In Equity (Thomas, C. J., Forsythe and Moss, JJ.).

The cause was argued before Boyd, C. J., Briscoe, Urner, Stockbridge, and Offutt, JJ.

*Richard S. Culbreth,* for the appellant.

*George Weems Williams,* with whom were *James Clark* and *Bond & Parke* on the brief, for the appellee.

Briscoe, J., delivered the opinion of the court.

There are two appeals in this record now before us, and they are taken from a decree of the Circuit Court for Howard County, passed on the 15th day of April, 1920.

The decree appealed against is as follows:

"It is ordered and decreed this 15th day of April, 1920, by the Circuit Court for Howard County, sitting as a court of equity, for the reasons stated, that the relief prayed in the petition of Joseph L. Donovan, trustee, filed in this cause on February 20th, 1920, be

and the same is hereby denied; that, in accordance with the prayer of the answer of James Nicholas Miller filed in this cause on March 13th, 1920, the said James Clark and Joseph L. Donovan, trustees in the above entitled cause, be and they are hereby discharged from the further administration and execution of the trust created by the agreement executed by James Nicholas Miller and Catherine B. Miller, dated December 1st, 1919, and filed in this cause, and by the decree of this court passed in this cause on December 18th, 1919, and (in accordance with the agreement of counsel for James Nicholas Miller) that the premium on the bond of said trustees and all costs in this case, to be taxed by the clerk of this court, be paid by the said James Nicholas Miller. And it is further ordered and decreed that the trust created by the said agreement of James Nicholas Miller and Catherine B. Miller, dated December 1st, 1919, and set forth in said decree of this court, dated December 18th, 1919, be and the same is hereby declared to have been revoked and to be at an end."

The first appeal was taken on the 30th of May, 1920, on behalf of Mr. Joseph L. Donovan, one of the trustees in the cause. The second appeal is by Susan Miller Zepp, Mary Margaret Miller, Catherine Marion Miller and Eleanore Miller, who are not parties to the cause, and is dated June 12th, 1920.

It is clear, we think, that these appeals are not properly before us and will have to be dismissed.

The first appeal, it will be seen, is taken by only one of the trustees, and without his co-trustee uniting in the appeal.

In *Latrobe* v. *Tiernan,* 2 Md. Ch. 480, it is said: "The general doctrine does not appear to admit of dispute, that trustees have all equal power, interest and authority, and cannot act separately, as executors may, but must join, both in conveyances and receipts." *Hill on Trustees,* 305; 2 *Story's Equity,* Sec. 1280.

In 28 *A. & E. Ency of Law* (2nd Ed.), page 986, the general rule is thus stated, as supported by authority, that when the administration of a trust is vested in several trustees they all form but one collective trustee and must exercise the powers of the office in their joint capacity. Their interests and authority being equal and undivided, they cannot act separately but all must join. Thus one trustee alone has no power to convey, lease or bind the trust property or to perform any act resting in the sound discretion of the trustees as a body. 39 *Cyc.*, 307; *McKenzie* v. *Gerke,* 118 *Md.* 334; *Knabe* v. *Johnson,* 107 Md. 619; *Preston* v. *Poe,* 116 Md. 1.

There is nothing in the provisions of Section 26 of Article 5 of the Code, relating to the right of appeal from any decree or order, &c., in conflict with the principles above stated and announced by the authorities referred to in this case. Nor do we find anything upon the record which gives the trustee, Donovan, such a position in the case as will entitle him to appeal from the decree. On the contrary, the co-trustee does not unite in the position assumed by the appellant, and here neither of the settlers appeal, but appear satisfied with the revocation.

It is obvious, we think, that the second appeal cannot be maintained. The interests of the appellants in the subject matter of this appeal do not affirmatively appear from the record. They are not parties to the cause and did not intervene by petition, to be made parties for the purposes of an appeal.

In the recent case of *Bernstein, Cohen & Co.* v. *Stansbury,* 119 Md. 316, this court said: "If the appellants were not parties to the original suit, they manifestly have no standing now to appeal, or to contest the decree passed in that cause." Sec 26, Art. 5, *Code,* P. G. L; *Preston* v. *Poe,* 116 Md. 1; *Knabe* v. *Johnson,* 107 Md. 618.

For the reasons stated both appeals will be dismissed.

*Appeals dismissed, with costs.*