## HARLOWE B. KIRKPATRICK *v.* ELIZABETH SAVILLE LEWIS ET AL.

[No. 35, January Term, 1930.]

*Decided April 11th, 1930.*

The cause was argued before BOND, C. J., PATTISON, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Roger J. Whiteford,* with whom were *W. H. Talbott* and *William F. Prettyman,* on the brief, for the appellant.

*Fulton Lewis,* with whom was *Robert Peter, Jr.,* on the brief, for Elizabeth Saville Lewis and Fulton Lewis, appellees.

*Charles W. Clagett,* with whom were *Albert M. Bouic* and *Charles F. Wilson,* on the brief, for the other appellees.

BOND, C. J., delivered the opinion of the Court.

This is an appeal by a purchaser at a judicial sale of real estate, made by only three out of five trustees appointed to make the sale; and it is from an order sustaining exceptions to the ratification of the sale. The property is farm land in Montgomery County, of about 300 acres, now susceptible of development in building lots, and the sale was decreed under the Code, art. 16, sec. 152, for the purposes of partition or division of the proceeds among owners in common. The proceedings leading to the sale were in all respects regular, and no objection is made to them. The advertisement of sale was ample, exceeding that required by the decree.

All of the five trustees appointed had duly qualified, and all attended at the time and place designated. It is conceded that there was a good attendance of potential bidders, but exceptions on the ground of inadequacy of the price obtained are based to some extent upon the weather conditions. Rain fell until shortly before the sale was started. The bidding stopped at $950 an acre, and the trustees, in conference, dif-

fered on the propriety of selling at that figure. Three decided that the auctioneer should renew crying the sale, and that a bid of $950 or more should be accepted and reported to the court for ratification. And that conclusion was announced. At the same time it was announced that the two dissenting trustees would oppose the acceptance of $950. The bid at that figure was the highest finally obtained, and it was reported by the three trustees. Exceptions to ratification were filed a month later by Elizabeth S. Lewis, one of the parties in interest, on the grounds of inadequacy of price because of unfavorable weather conditions, and supposed ineffectiveness of the sale reported, by reason of the lack of unanimity of the trustees in making it. These exceptions were withdrawn shortly before the day set for a hearing on them. Three days later, or seven weeks after the sale, an offer to buy at the price of $1,050 an acre was submitted to the trustees by Charles C. Koones, and was reported by them to the court. And thereupon the two trustees who had dissented from the acceptance of the bid of $950 an acre filed a minority report on the sale at that figure, basing their objections on the grounds stated in the exceptions of Mrs. Lewis, and explaining that during the seven weeks which had elapsed since the public auction, Fulton Lewis, one of the trustees, and husband of Mrs. Lewis, had been making persistent efforts to obtain a bid higher than $950, but had not succeeded and saw no prospect of success until the offer of Mr. Koones was received. Mrs. Lewis then renewed her exceptions, and exceptions were also filed on behalf of one party *non compos mentis,* and of another, an infant.

A stipulation prepared for the hearing on the exceptions recited that the employer of Mr. Koones, a real estate broker, had before the sale, and on the day following it, made inquiries of the trustees concerning the property, and that testimony of real estate brokers, some of it objected to, had supported the acceptance of the bid of $950.

This court concurs in the conclusion of the circuit court that, apart from the effect, if any, of the lack of unanimity among the trustees, there would be no ground for refusing

ratification of the sale. It is settled that a subsequent higher offer alone affords no ground for it. *Glenn v. Woolen*, 3 Md. Ch. 514, 518; *Loft, Inc., v. Seymer*, 148 Md. 638, 645. There is not shown any such gross inadequacy of price obtained as to indicate of itself an impropriety or defect in making the sale. *Bank of Commerce v. Lanahan*, 45 Md. 396, 410. The only evidence of a higher value is that of the subsequent offer, and it seems that this was not obtainable at the time with which we are concerned, for the person making the offer was not prepared to make.it immediately after the sale, or until seven weeks after. Meanwhile, according to the minority report, persistent efforts on behalf of the parties in interest had failed to find any one willing to make an offer higher than that reported by the majority. It is not shown that any possible bidder was kept from the sale by the weather, and there appears to be no sufficient ground for finding that a better sale might have been made on a dry day. *Condon v. Maynard*, 71 Md. 601, 607; *Shaw v. Smith*, 107 Md. 523, 526; *Mahoney v. Mackubin*, 52 Md. 357, 364; *McCarty v. Hamburger*, 112 Md. 40, 47; *Bank of Commerce v. Lanahan*, 45 Md. 396, 411.

The circuit court considered, however, that acceptance of the highest bid by a majority of the trustees only was not in accordance with the authority given them by the decree, that a concurrence of all the trustees in the decision was required, that the sale reported by three, therefore, had no binding effect, and, in view of the apparent possibility of a better result, should be rejected, and a resale had. But on this we disagree. In the opinion of this court, the execution of the decree by a majority of the several trustees was in compliance with the decree. It is ordinarily inferred of trustees or agents acting under private authority that they are not intended to act as a body, and upon their joint judgment, but that the approval and sanction of each separately is required. *White v. Davidson*, 8 Md. 169. And in many purely ministerial acts, trustees or agents of either public or private nature are all required to unite. *Lalrobe v Tiernan*, 2 Md. Ch. 474, 480; *Donovan v. Miller*, 137 Md. 555; *Hooper v. Wil-*

*liams,* 75 Md. 191, 194. But with respect to those under public authority acting upon deliberation and judgment, the rule is otherwise. In the absence of some indication of a contrary purpose, it is assumed that these agents are to act as a body, and the decision of a majority is taken as the decision of the whole. 1 *Mechem, Agency,* secs. 198 to 200; *Mechem, Public Officers,* sec. 572; *Story, Agency,* sec. 42, note; 2 *Kent, Commentaries,* sec. 633; *Sedgwick, Construction of Const. & Stat. Law,* 2nd Ed. 331; 2 *Sutherland, Stat. Const.,* 2nd Ed., sec. 562; *Throop, Public Officers,* sec. 572; *Cooley v. O'Connor,* 12 Wall. 391, 398; *First Nat. Bank v. Mt. Tabor,* 52 Vt. 87, 94. Compare *Ellison v. Oliver,* 147 Ark. 252, 262, 267. And this rule has been applied to the decisions of commissioners appointed by a court to make partition, as well as to other bodies. "The report of the commissioners need not be unanimous. 'We think the true rule is that where three or more persons are charged with a judicial or quasi judicial function derived, not from the parties in interest merely, but from a law or statute of the State, though all must hear and deliberate together, a majority may decide.'" *Freeman, Co-tenancy and Partition,* sec. 523; *Townsend v. Hazard,* 9 R. I. 436; *Schuyler v. Marsh,* 37 Barb. 350, 356; *Kane v. Parker,* 4 Wis. 123; *Cole v. Hall,* 2 Hill (N. Y.) 625; *Odiorne v. Seavey,* 4 N. H. 53. Such commissioners are agents of the court appointed under the directions of a statute to make outside of the court a partition or sale which it is not practicable to make in the court. A joint judgment commonly involves an accommodation of views, and acceptance of a majority conclusion. And a requirement of unanimity would frequently make it impossible for the court to act through agents, as the law directs, unless it should confine itself to the use of single agents. Multiple agents or trustees could be used only with a multiplication of chances of defeating the court's purpose, and that of the statute. In the *Baltimore Turnpike Case,* 5 Binney (Pa.) 481, 485, in which only five out of six trustees appointed by a court united in the assessment of damages from the laying out of a road, *Tilghman, C. J.,* said: "In matters purely ministerial, there

is no difficulty in procuring the concurrence of all, because there is nothing concerning which they can differ, but where the judgment is to be exercised, the inconvenience of requiring unanimity may be extreme. I recollect no public body in which unanimity is required but a petit jury. * * * If unanimity is required, and one should happen to differ from the rest, what is to be done? If it were a ministerial act they might all be compelled to join in it by mandamus. But a mandamus has no control of the mind, and therefore would be inapplicable to the case. Is the party sustaining damage then to go without compensation? Or are the court to appoint other persons; and how often may they appoint them?" And see *Grindley v. Barker,* 1 Bos. & Pull. 229; *King v. Beeston,* 3 T. R. 592; *Carolina Sav. Bank v. Evans,* 28 S. C. 521.

We conclude that the sale reported by the majority of the trustees in this case stood on the same footing as a sale by a single trustee, and that, there being no objection which would hold against a sale so made, the exceptions should be dismissed and the sale ratified.

*Decree reversed and cause remanded for further proceedings in accordance with this opinion, with costs to the appellant.*