BERNICE M. HOPPER *v.* EDWIN H. W. HARLAN,
TRUSTEE, ET AL.

[Nos. 37, 38, January Term, 1937.]

*Decided March 17th, 1937.*

The causes were argued before BOND, C. J., URNER, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*J. Wilmer Cronin,* for the appellant.

*Edwin H. W. Harlan,* for the appellees.

PARKE, J., delivered the opinion of the Court.

The two appeals on this record are of Bernice M. Hopper, wife of George L. Hopper. In the first, she appeals

from a decree of court overruling her exception to the report of sale, and finally ratifying and confirming a sale made by Edwin H. W. Harlan, substituted trustee, to John W. Duke, of an improved parcel of land of which Peter Lesley Hopper, an intestate, died seised and possessed. The purchaser paid the purchase money in full, and thereafter applied for and obtained an order of court directing that a writ of *habere facias possessionem* issue, commanding the said George L. Hopper and Bernice M. Hopper, his wife, to surrender possession of the premises to the purchaser. The second appeal is by the wife from this order.

The record is in a confused state, and it is difficult to obtain a clear understanding of the appellant's pretensions with reference to the affairs of Peter Lesley Hopper. One phase of the complications was recently here on appeal in the case of *Harford Bank v. Hopper's Estate,* 169 Md. 314, 181 A. 751. The proceedings now at bar for review were begun in a cause wherein Stevenson A. Williams and the Havre de Grace Banking & Trust Company were the complainants and George L. Hopper and Jackson W. Maslin, administrators of Peter Lesley Hopper, deceased, and George L. Hopper, in his own right, were the defendants. The plaintiffs in this cause were creditors of the decedent, who had begun this creditor's bill for the purpose of securing a decree to sell the intestate's real estate for the benefit of creditors because of the inadequacy of the personal estate to pay the debts of the intestate. The only heir at law and next of kin of Peter Lesley Hopper, who died on February 13th, 1917, was George L. Hopper, who, together with Jackson W. Maslin, was granted letters of administration upon the decedent's personal estate. So, these administrators and the brother in his own right as sole heir and next of kin were made parties defendant to the creditors' bill, but Bernice M. Hopper, then married to the brother, was not made a party defendant. A decree was duly obtained on March 16th, 1918, for the sale of the real estate, and the late Stevenson A. Williams was

appointed trustee to sell such of the real estate as was necessary to discharge the obligations of the intestate. The real estate holdings of the intestate were quite large, and the trustee sold portions thereof from time to time, and died some years later without completing his trust. Nor does it appear that the administration of the intestate's personal estate is concluded.

On June 4th, 1934, Bernice M. Hopper filed a petition in the equity cause mentioned, asking that she be made a party plaintiff, and that an accounting be had to determine the total indebtedness of Peter Lesley Hopper at the time of his death, the total of his personal estate applicable to the payment of his debts, and the deficiency, if any, for which the real property of the decedent could be sold free of her dower rights, and the amount and proceeds of the sales of real estate made in excess of that amount, and that the court determine the value of the petitioner's inchoate dower rights in respect of all of said decedent's real property that may have been sold in excess of the amount necessary to make up any deficiency in the decedent's personal estate, and declare the amount of said computed value to be a first charge upon all of the present assets, real and personal, of the estate of Peter Lesley Hopper; and that the court further declare and establish the petitioner's dower rights in respect of all real estate formerly belonging to the decedent which remains unsold, and declare the same a first charge upon said real estate or its proceeds. On this petition, the court passed an order that relief be granted as prayed, unless cause to the contrary thereof be shown, provided a copy of said petition be served upon the substituted trustee. The trustee demurred to this petition, and this demurrer has not been heard, and the petition remains subject to the chancellor's future action on the demurrer. The questions on these proceedings remain in abeyance and are not before the court on this appeal. The petition, however, has this present significance, that it recognizes the jurisdiction of the court in respect of the sale of the real estate and distribution of its proceeds.

The substituted trustee reported to the court that, pursuant to the decree, he had privately sold, on September 2nd, 1936, certain real estate of the intestate debtor to a certain John W. Duke for $3,500. On October 2nd, 1936, Bernice M. Hopper, filed her petition and exceptions to the ratification of this sale. Her reasons were that the personal estate, income, and proceeds of a farm sold amounted to $83,989.46, and the total debts and expenses for which funds were required to pay the same aggregated $82,518.91, leaving an excess of personalty of $1,470.55. She alleged that the trustee had sold $31,000 of real estate before it was discovered in 1931 that the personal estate, with the proceeds of sale of the farm, had always been sufficient to have paid all the debts, without the sale of any other real estate.

The petition then charges that since 1931 the court was without jurisdiction to order or make sale of the real estate because of any inadequacy of personal estate, and that she is not responsible for the large diversion of the assets of the personal estate, which she charges amounts to approximately $75,000. She further excepted to the ratification of the sale on the ground that it was not sufficiently and advantageously advertised and that the sale price is grossly inadequate.

The exceptant produced testimony to show that the real estate was offered at public sale on August 19th, 1935. Immediately below the advertisement of the property in the paper was a notice and warning, over the name of George L. Hopper, administrator and sole distributee of the P. L. Hopper estate, that the property advertised for sale for the purpose of paying off creditors could not be legally sold for any debts of the estate because sufficient funds had come to the hands of the administrators and the original trustee to pay in full all the creditors of Peter Lesley Hopper, and that the real estate was encumbered by the dower rights of the signer's wife, Bernice M. Hopper. The exceptant offered testimony tending to show that this situation chilled the sale, and $3,000 was offered for the residence; and that

$6,000 would be a fair value of the property offered. The witness testified that he would be willing to give $5,000 for it on the day he testified, but, although he had attended the sale, and knew, after the properties were withdrawn, that it was customary to hold them at private sale, he had not made the trustee any offer for the property. Under these circumstances, the declaration of a witness on the stand on objection to a sale that he would pay a price in excess of what it had been sold for can have but little probative force. *Kirkpatrick v. Lewis,* 159 Md. 68, 71, 149 A. 614.

Nothing was produced in evidence in respect of the insufficiency of the advertisement of the public sale. If there had, however, been any defect, it would have been immaterial, as the property was not sold at public auction or on the day advertised. The actual sale was a private one which was made over a year later. The persons materially interested in the sale are the creditors, and none has objected. After a consideration of the testimony and the circumstances, the chancellor overruled the exceptions and finally ratified the report of sale.

After weighing the unsatisfactory opinion testimony of the fair value, with none directed or given to its market value, and considering the situation and the facts affecting adversely the sale, the court does not find such a discrepancy between the sale price and what the single witness considered its fair value as to justify setting aside the sale on the ground of inadequacy of price. If the price obtained should in some degree not reflect the full market value of the property sold, the exceptant's conduct in asserting a claim of dower in the land, and uniting with her husband in a published notice and warning that the substituted trustee could not make a valid sale, may well be responsible for the decline. The petitioner may not assert inadequacy of price when her own conduct contributed to chill the bidding at the public sale, and tended to lessen the market value of property at the time of its later private sale. On the whole the record does not require the sale to be set aside on either an

insufficient advertisement or an inadequacy of price. *Bank of Commerce v. Lanahan,* 45 Md. 396, 410; *Knapp v. Knapp,* 149 Md. 217, 222, 131 A. 327; *Shirk v. Soper,* 144 Md. 269, 275-277, 124 A. 911.

The decree of court passed on March 16th, 1918, established that the personal estate of Peter Lesley Hopper, who died on February 13th, 1917, was not sufficient to pay his debts and costs of administration. The decree was enrolled and became final. It is conclusive of the fact that the personalty was insufficient. The petition and exception to the ratification of sale do not attempt a denial that the decree for a sale and the naming of the trustee was necessarily passed in the exercise of the equity court's jurisdiction. *Miller's Equity Proc.* secs. 375, 378-384; *Van Bibber v. Reese,* 71 Md. 608, 613, 18 A. 892; *McNiece v. Eliason,* 78 Md. 168, 176, 27 A. 940.

What the petitioner asserts is that, after the sale by the trustee of a farm, the proceeds thus realized, with the personalty, *were* sufficient to discharge all the debts of the decedent and the costs of administration, and that since the decree authorized the trustee to sell all of the real estate of the dead debtor or so much thereof as may be necessary to pay his debts, the fact that these assets *were* sufficient deprives the trustee of any further power of sale. Code, art. 16, sec. 233, as amended by Acts 1933, ch. 57. As was observed by Miller in his work on *Equity Procedure*: "Generally it is impossible for the court to foresee just what amount of claims will be filed and sustained, and hence discretion is given the trustee as to how much and what portions of the real estate to sell, but such discretion is always subject to the control of the court." Section 384, at page 466, section 385; *Gibson v. McCormick,* 10 G. & J. 65, 107.

The substitute trustee was acting under the order of the chancellor to sell sufficient remaining real property in order to procure a specified amount that was required to meet debts of the intestate and the costs of administration. The order of the chancellor, and the sale made and reported, which did not secure the necessary sum, were

well within the competency of the chancellor. It cannot be held to have been improvidently passed, unless the trust fund was so clearly sufficient to discharge the debts and costs that there was no reasonable basis for the chancellor's exercise of judgment in giving the order to sell. Furthermore, the petitioner has no interest except by virtue of an inchoate right of dower in the real estate of her husband, George L. Hopper. And this inchoate right of dower is in land which descended to George L. Hopper, as the sole heir at law of Peter Lesley Hopper, subject to the equitable lien of the intestate's unpaid debts. The lien or right of these creditors is paramount to the husband's estate, and so to any dower right or estate of the petitioner. The land was vested in the brother defeasible in whole or in part by a sale to pay the creditors of the ancestor. The destruction or termination of the husband's estate works a destruction or termination of the dower right. *Tiffany on Real Property* (2nd Ed.) sec. 221.

It was, consequently, essential that the petitioner conclusively prove that there was no necessity for a sale to pay the debts of the decedent. She failed in this proof. It is true that there appears in the record two statements—one by the solicitor for the petitioner and the second by the trustee. The first is a summary of the petitioner's position on the facts, which is in the form of an offer of proof but which is accompanied by a statement by the trustee that it could be taken as testimony. The statement was apparently made when the chancellor was hearing the witnesses. The second statement is that of the trustee, which was made to the chancellor at the hearing, and which the chancellor desired should be incorporated in the record, but which was added, over the objection of the petitioner, at the close of the record. The two statements are in conflict with reference to the sufficiency of the personalty to pay the debts of the intestate. These statements cannot be accepted as part of the record. They are not in the form of an agreed statement of fact nor are they authenticated in any manner.

The failure of the record in this respect and the omission of other essential facts prevent the court from giving consideration to other suggested questions. If it should develop that the proceeds of sale of the land here involved are not to be used for the payment of the costs or debts of the intestate, the proceeds may be regarded as realty, if there be any right of the petitioner to be conserved.

Since it is the conclusion of the court that the sale was rightly confirmed, and since it appears that the purchaser has paid the purchase price, and the petitioner and her husband had refused, without cause, to deliver possession, the order of the chancellor directing the writ of *habere facias possessionem* to issue was properly granted. See Code, art. 5, sec. 33; *Shirk v. Soper,* 144 Md. 269, 124 A. 911; *Bowers v. Soper,* 148 Md. 695, 130 A. 330.

*Orders in No. 37 and No. 38 affirmed,*
*with costs to the appellee.*