GOLDBERG, ETC., *v.* PRICE, ET UX.

[No. 115, September Term, 1958.]

*Decided January 21, 1959.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*James T. Clark* for the appellant.

*C. Orman Manahan* for the appellees.

PRESCOTT, J., delivered the opinion of the Court.

Mortgagors, who contested every possible stage of a foreclosure proceeding, finally disputed the amount of the commission allowed to the party who conducted that proceeding. The appellant, Bernard F. Goldberg, as attorney named in the mortgage, instituted foreclosure proceedings in the Circuit Court for Howard County for the sale of the mortgaged property, on June 7, 1957. Thereafter until March 28, 1958, he was involved, either as complainant or as respondent, in a continuous series of litigation, court appearances, hearings and arguments, in his efforts to effect the sale of the property. The property was finally sold for $65,000 to one of the original mortgagors and a certain Elliott Perlin. For all of his said services the attorney claimed the usual commission, plus an additional allowance pursuant to Rule 14 of the local

court. Upon his petition therefor, accompanied by a certificate of two respected members of the local bar as to what, in their opinion, would be a reasonable commission under the circumstances, the court passed its order allowing him $2,600; and the Special Auditor allowed this sum in his account. The mortgagors filed exceptions and the court, in a memorandum opinion, stated that the effect of the decisions in *Shaw v. Smith*, 107 Md. 523, 69 A. 116, and *Griffith v. Dale*, 109 Md. 697, 72 A. 471, "compels the conclusion that the exceptions were well taken." He, therefore, signed an order reducing the commission to $1,505 and the attorney has appealed.

In order to determine whether the lower court was right it will be necessary to examine one statute, the terms of the mortgage, Rule 14 of the Circuit Court for Howard County and the decisions referred to above. Code (1957) Article 66, Sec. 5 (a) provides that in all mortgages of land, situated in Maryland, there may be inserted a clause authorizing the mortgagee or any other person named therein to sell the mortgaged property *upon such terms and on such contingencies as may be expressed therein.* The mortgage involved herein stated that upon foreclosure sale the proceeds should be applied to the payment, among others, of a "commission to the party making the sale * * * equal to the commission allowed Trustees for making sale of property by virtue of a decree of a Court having equity jurisdiction in the State of Maryland." Thus, it is seen that the statute referred to above clearly and expressly authorizes and validates the quoted provision of the mortgage.

As the mortgage calls for a commission equal to that allowed trustees for making sales of property by virtue of a "decree of a Court having equity jurisdiction in the State of Maryland," we must determine what that is. It may reasonably be inferred that in using the above quoted phrase, the parties meant a decree of the equity court in the county of Maryland in which the land was located. Equity Rule 14 of the Circuit Court for Howard County first names by percentages and amounts the commission to be allowed trustees under decrees of that court up to $50,000, provides that on the proceeds of sales in excess of $50,000 the commission shall

be in the discretion of the court, and then states: "[t]he above allowances are subject to be increased in cases of * * * extraordinary difficulty or trouble from other circumstances * * * at the discretion of the Court * * *." From the above, it is seen that the amount of commission allowed trustees under the decrees of the Circuit Court for Howard County is a set percentage of the proceeds of sale up to $50,000; on the proceeds of sale in excess of $50,000, a commission in the discretion of the court; and in cases of extraordinary difficulty or trouble from other circumstances such allowances may be increased in the discretion of the court.

The original commission of $2,600 named by the court included an allowance for "extraordinary difficulty or trouble," but the court felt that the two Maryland cases, cited above, "compelled" him to reduce the same, which he did. He allowed the amount specified in Rule 14 on the first $50,000 and, apparently, $1\frac{1}{2}\%$ on the excess; and signed the order that granted the attorney a commission of $1,505 instead of the $2,600. In so doing, we think the chancellor was acting under a misapprehension of the law.

In the cases of *Shaw v. Smith* and *Griffith v. Dale,* both *supra,* which the lower court thought laid down a rule that prohibited an allowance of additional commission for extraordinary difficulty in this case, allowances of counsel fees for resisting exceptions to the ratifications of foreclosure sales were denied; but the Court was careful to point out in both cases that the terms of the mortgages there involved contained no provisions which authorized the same. In the case at bar, the express and specific terms of the mortgage authorized a commission equal to that allowed trustees for making sale by virtue of a decree of the equity court, and Rule 14 of the Circuit Court for Howard County permits the commissions of such trustees, under the circumstances named, to be increased in the discretion of the court. We, therefore, hold that if the chancellor, in the exercise of his sound discretion, thought the appellant was entitled to an increase in his commission over the named percentages in Rule 14, he was empowered to grant the same.

As the chancellor was under a misapprehension as to the

law when he signed the order appealed from, he did not, in fact, exercise the discretion imposed in him by Rule 14; consequently, the order will be reversed and the cause remanded for the passage of such order as the dictates of that discretion may demand.

*Order reversed and cause remanded, the appellees to pay the costs.*